IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GWENDOLYN SNEED
Individually, and on Behalf of all
Similarly Situated Persons,

    Plaintiff,

      v.

SEI/AARON'S, INC.
a franchisee of Aaron's, Inc.
doing business as
Aaron's Sales and Leasing,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-982-TWT

OPINION AND ORDER

According to the Plaintiff's complaint, a computer she leased from the Defendant was secretly equipped with software that allowed the Defendant to remotely access the Plaintiff's private communications and information. The Defendant seeks to dismiss the complaint, arguing that the Plaintiff has not alleged that her privacy was actually invaded. Because the Plaintiff could not know at this stage if the Defendant actually accessed her private information, the Defendant's motion to dismiss should be denied with respect to the Plaintiff's claims for invasion

of privacy. However, the Plaintiff has not pled sufficient facts to state a claim for intentional infliction of emotional distress, and that claim should be dismissed.

## I. Background

The Plaintiff, Gwendolyn Sneed, leased a computer from Defendant SEI/Aaron's, Inc. ("SEI"). (Am. Compl. ¶¶ 1, 32). The computer came with PC Rental Agent ® pre-installed. That software allows SEI to run "Detective Mode" on its leased computers. Detective Mode runs like a spyware/malware program and allows SEI to take photographs with the leased computers' cameras, capture keystrokes, take screen shots, and track the physical location of the computer. Detective Mode can send updates on computer activity to SEI up to every two minutes. (Id. at ¶¶ 22-25). The Plaintiff alleges that SEI has used Detective Mode on all of its customers' computers to capture personal information ranging from medical records, private emails, social security numbers, financial information, and personal activities as seen through the computer's camera. (Id. at ¶¶ 3, 35).

The Plaintiff seeks to represent a class on behalf of all the Defendant's customers. The Plaintiff alleges that SEI does not disclose to its customers that it installs PC Rental Agent ® on its leased computers or that it uses the software's Detective Mode function to gather information about customers. (Id. at ¶ 30). The Plaintiff brings claims for common law invasion of privacy/intrusion on seclusion,

computer invasion of privacy under O.C.G.A. § 16-9-93(c), and intentional infliction of emotional distress.  (Id. at ¶¶ 40-51).  Her complaint was filed in state court on March 5, 2013, the Defendant removed the complaint to this Court on March 26, 2013, and the Defendant filed its motion to dismiss on April 2, 2013.  On April 9, 2013, the Court denied the Plaintiff's motion for mandatory injunctive relief or alternatively to certify a class, without prejudice.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading

is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III.  Discussion

#### A.  The Plaintiff's Claim for Invasion of Privacy

The Defendant argues that the Plaintiff's claim for invasion of privacy must fail because the allegations supporting that claim are only based upon information and belief and because there are no credible allegations that SEI actually obtained data from the Plaintiff's computer.  The Plaintiff counters that her allegations are sufficient and that there is no way for her to know whether SEI did in fact access her computer without engaging in discovery.

The Plaintiff's invasion of privacy claim is based upon an intrusion into her seclusion or other private affairs.  "The intrusion aspect of this type of invasion of privacy 'involves a prying or intrusion, which would be offensive or objectionable to a reasonable person.'"  Everett v. Goodloe, 268 Ga. App. 536, 544 (2004) (quoting Yarbray v. Southern Bell Tel. & Tel. Co., 261 Ga. 703, 705 (1991)).  Here, the Plaintiff alleges that the Defendant leased a computer to her without informing her

that the computer was equipped with software that would allow the Defendant to monitor the Plaintiff's activities. The Plaintiff further alleges that the Defendant accessed financial information, personal information, and even images of the Plaintiff at her computer. These are allegations of potential intrusions on privacy that would be "offensive or objectionable to a reasonable person." See id.

The Defendant nevertheless insists that the Plaintiff's claim must fail because the Plaintiff only alleges that, "[u]pon information and belief, the Plaintiff's computer was secretly accessed by Defendant, resulting in her physical location being tracked and her images being taken with the webcam and her communications being stolen, all via PC Rental Agent." (Compl. ¶ 35). The Defendant relies upon Innotex Precision Ltd. v. Horei Image Products, Inc., 679 F. Supp. 2d 1356, 1360 (N.D. Ga. 2009), where this Court refused to provide the assumption of truth to pleadings based on information and belief. However, in that case, the court rejected four paragraphs from the complaint that were "'threadbare recitations' of factors cited by Georgia courts in deciding whether to pierce the corporate veil." Id. (quoting Iqbal, 129 S. Ct. at 1949). Here, on the other hand, the allegation upon information and belief does not recite the elements of a claim or make a conclusory statement. Rather, the allegation states that the Plaintiff believes the Defendant has accessed specific aspects of her private information using a specific software program the Defendant installed on her

computer. Importantly, it is unclear how the Plaintiff could know at this time beyond information and belief whether the Defendant actually accessed the Plaintiff's computer. See Awbrey v. Great Atlantic & Pac. Tea Co., 505 F. Supp. 604, 607 (N.D. Ga. 1980) (denying summary judgment to defendant on wiretapping claim and noting that "the fact that most of the plaintiffs have no personal, first-hand knowledge that any particular phone call was tapped is not remarkable. Indeed, it would be unusual if anyone other than defendant, and its employees involved in the wiretapping, had knowledge of the specific incidents of wiretapping."). Accordingly, the Plaintiff has sufficiently alleged facts to sustain a claim for intrusion upon seclusion. The Defendant's motion to dismiss should be denied in this respect.

      B.      <u>The Plaintiff's Claim Under O.C.G.A. § 16-9-93(c)</u>

The Defendant argues that the Plaintiff has not alleged facts to sustain a claim under O.C.G.A. § 16-9-93(c). That statute, entitled Computer Invasion of Privacy, provides that:

> Any person who uses a computer or computer network with the intention of examining any employment, medical, salary, credit, or any other financial or personal data relating to any other person with knowledge that such examination is without authority shall be guilty of the crime of computer invasion of privacy.

O.C.G.A. § 16-9-93(c). Further, O.C.G.A. § 16-9-93(g)(1) provides that "[a]ny person whose property or person is injured by reason of a violation of any provision

of this article may sue therefor and recover for any damages sustained and the costs of suit." The Defendant argues that O.C.G.A. § 16-9-93(g)(1) requires the Plaintiff to allege that she has been injured in order to sustain a claim for Computer Invasion of Privacy, and that the Plaintiff has not done so. However, the Plaintiff alleges that the Defendant accessed her computer and viewed financial and personal information as well as pictures of the Plaintiff taken by the computer's webcam. Additionally, the Plaintiff alleges that she and potential class members have been injured by the Defendant's use of Detective Mode because their information "may have been possibly transmitted to other third parties thereby placing [the putative class] at an increased risk of fraud and identity theft and causing direct financial expenses associated with credit monitoring, replacement of compromised credit, debit, and bank card numbers." (Compl. ¶ 38). These allegations are sufficient to show that the Plaintiff has been injured by the Defendant's intrusion on her privacy through the PC Rental Agent ® software. See O.C.G.A. § 16-9-93(g)(1) ("Without limiting the generality of the term, 'damages' shall include loss of profits and victim expenditure."). Accordingly, the Court concludes the Plaintiff has pled sufficient facts to support a claim under O.C.G.A. §§ 16-9-93(c) and (g), and the Defendant's motion to dismiss should be denied in this respect.

### C.     The Plaintiff's Claim for Intentional Infliction of Emotional Distress

The Defendant argues that the Plaintiff has not stated a claim for intentional infliction of emotional distress.[1] "To assert a claim for intentional infliction of emotional distress, plaintiffs must show '(1) the conduct giving rise to [the distress] was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.'" Peterson v. Merscorp Holdings, Inc., No. 1:12-cv-00014-JEC, 2012 WL 3961211, at *6 (N.D. Ga. Sept. 10, 2012) (quoting Blue View Corp. v. Bell, 298 Ga. App. 277, 279 (2009)).

Here, even assuming the Defendant's conduct was intentional and was sufficiently outrageous, the Plaintiff has not alleged facts to show that she suffered severe emotional distress.

> Emotional distress includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is *extreme* that liability arises. The law intervenes only where the distress inflicted is so severe that no reasonable person could be expected to endure it.

---

[1] The complaint did not specify whether the Plaintiff's claim is for intentional infliction of emotional distress or negligent infliction of emotional distress, but the Plaintiff stated in her response brief that the count was for intentional infliction of emotional distress. (See Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, at 9).

Abdul-Malik v. AirTran Airways, Inc., 297 Ga. App. 852, 858 (2009) (quoting Peoples v. Guthrie, 199 Ga. App. 119, 121 (1991) (alterations omitted)).  There are no allegations in the entire complaint stating that the Plaintiff herself suffered emotional distress, let alone severe emotional distress.  The closest allegations are the allegations that "[t]he acts of Defendant constitute a wanton, voluntary, and intentional wrong, which was so terrifying and insulting as naturally to [sic] humiliate, embarrass, and frighten Plaintiff and class members." (Compl. ¶ 51).  These allegations do not show a sufficiently severe level of emotional stress.  Indeed, allegations of emotional stress more severe than humiliation, embarrassment, and fright have been held insufficient by Georgia courts.  See Abdul-Malik, 297 Ga. App. at 858 (concluding that evidence of sleeplessness and weight gain was insufficient for a claim of intentional infliction of emotional distress); Witter v. Delta Airlines, 966 F. Supp. 1193, 1201 (N.D. Ga. 1997), *aff'd*, 138 F.3d 1366 (11th Cir. 1998) (evidence of anxiety, sleeplessness, overeating, diarrhea, and headaches was insufficient to establish severe emotional distress); Ghodrati v. Stearnes, 314 Ga. App. 321, 324 (2012) (evidence that plaintiff suffered anxiety, sleeplessness, embarrassment, and loss of confidence, and later sought counseling, was insufficient to establish severe emotional distress at summary judgment stage).  The Plaintiff's allegations only state she was subject to humiliation, fear, and embarrassment.  She does not allege any

physical symptoms or further mental symptoms, or provide any details. There is no indication that she has sought professional help. In short, the Plaintiff's allegations do not indicate that she suffered sufficiently severe emotional stress to sustain a claim for intentional infliction of emotional distress. Accordingly, the Defendant's motion to dismiss should be granted in this respect.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 7] is GRANTED in PART and DENIED in PART.

SO ORDERED, this 18 day of December, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge